# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **KRIS CRUTCHER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 6:15-CV-03484-MDH |
| | ) |
| **MULTIPLAN, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court are Defendants Multiplan, Inc. ("Multiplan") and Private Healthcare Systems, Inc.'s ("PHCS") Partial Motion for Summary Judgment on the Missouri Prompt Payment Act. (Doc. 296). Defendants filed a separate Motion for Summary Judgment on the merits of the case, but here requests this Court to dismiss with prejudice any claims by Plaintiffs Kris Crutcher and Tri-Lakes Imaging, LLC ("Tri-Lakes Imaging") for damages under Missouri's Prompt Payment Act ("PPA"). Defendants allege that Plaintiffs' the PPA claims fail for five reasons: (1) Plaintiffs failed to timely bring a claim under the PPA by not pleading it as a cause of action in an amended complaint; (2) the PPA does not apply in this litigation because Plaintiffs did not sue to recover unpaid or late paid claims, but rather sued for damages under various causes of action; (3) the PPA does not apply to Defendants, because the Defendants are not "health carriers" or "third-party contractors" as those terms are defined under the PPA; (4) any claim brought by Plaintiffs under the PPA is barred by the applicable statute of limitations; and (5) the PPA, if applicable, is preempted by the Employee Retirement Income Security Act ("ERISA").

This Court finds that the PPA does not apply to Defendants in this case, because Defendants do not qualify as either "health carriers" or "third-party contractors" as required and defined under

1

the PPA, and so does not find it necessary to determine the merits of Defendants' other claims. The Court hereby grants Defendants' Partial Motion for Summary Judgment and any claims by Plaintiffs brought under the PPA are dismissed with prejudice.

## BACKGROUND

Plaintiffs provide diagnostic imaging services to patients, while Defendants operate a preferred provider organization ("PPO"). Defendants accordingly act as an intermediary between health care providers and payors, including health insurance companies, who pay providers on behalf of their clients. PPOs like Defendants create relationships between payors, such as insurance companies, and providers, through which the payors steer patients to providers in the PPO's network. In exchange, the provider agrees to charge the payors a discounted rate. The overarching issues in this case are whether or not there existed a valid PPO agreement between the parties, and whether Defendants engaged in an illicit PPO scheme which deprived Plaintiffs of substantial revenues to which they were entitled. In the instant case, Plaintiffs did not specifically request damages under the PPA or request statutory interest or penalties as the PPA allows in Plaintiffs' Amended Complaint. Plaintiffs' first explicit recognition of the PPA was in their expert report of Mr. Ron Luke, wherein Mr. Luke calculates damages under the PPA at $7,738,380.45.

## STANDARD OF REVIEW

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of

demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

A question of material fact is not required to be resolved conclusively in favor of the party asserting its existence. Rather, all that is required is sufficient evidence supporting the factual dispute that would require a jury to resolve the differing versions of truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248-249. Further, determinations of credibility and the weight to give evidence are the functions of the jury, not the judge. *Wierman v. Casey's General Stores, et al.*, 638 F.3d 984, 993 (8th Cir. 2011).

## DISCUSSION

The primary issue raised in Defendant's Partial Motion for Summary Judgment is whether or not the PPA applies at all to Defendants. Because the Court finds that it does not, the Court does not reach conclusions on the other claims in Defendant's Motion. Defendants contend that they are not "health carriers" or "third-party contractors" as defined by the PPA, and thus do not fall under the reach of the statute. In relevant part, the PPA provides that:

> Within ten processing days after receipt of additional information by a health carrier or a third-party contractor, a health carrier shall pay the claim or any undisputed part of the claim in accordance with this section…
>
> Within five processing days after the day on which the health carrier or a third-party contractor receives the additional requested information in response to a final request for information, it shall pay the claim or any undisputed part of the claim or deny the claim…

3

> If the health carrier has not paid the claimant on or before the forty-fifth processing day from the date of receipt of the claim, the health carrier shall pay the claimant one percent interest per month and a penalty in an amount equal to one percent of the claim per day. The interest and penalty shall be calculated based upon the unpaid balance of the claim as of the forty-fifth processing day…

Mo. Ann. Stat. § 376.383(4)-(6).

A "health carrier" is defined as:

> [A]n entity subject to the insurance laws and regulations of this state that contracts or offers to contract to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services, including a sickness and accident insurance company, a health maintenance organization, a nonprofit hospital and health service corporation, or any other entity providing a plan of health insurance, health benefits or health services; except that such plan shall not include any coverage pursuant to a liability insurance policy, workers' compensation insurance policy, or medical payments insurance issued as a supplement to a liability policy.

Mo. Ann. Stat. § 376.1350. Defendants offer the Declaration of Senior Counsel for Multiplan and PHCS, Ms. Marjorie G. Wilde to support their contention that they are not health carriers. While Plaintiffs agreed to give a 25% discount off of any medical services it rendered to insureds, participants, or beneficiaries of Defendants' clients, no payments flowed between Defendants and Plaintiffs at any time during the existence of the alleged agreement because Defendants claim that they do not pay providers. Instead, Defendants contend that the payments on the 873 claims that are at issue in this case were all made by Defendants' clients, rather than Defendants. Plaintiffs did not dispute that Defendants were not health carriers in Plaintiffs' Suggestions in Opposition to Defendant's Motion for Partial Summary Judgment, but rather assert that Defendants qualify as third-party contractors.

A "third-party contractor" under the PPA is defined as "a third party contracted with the health carrier to receive or process claims for reimbursement of health care services." Mo. Ann. Stat. § 376.383(1)(9). Defendants assert that they do not qualify as third-party contractors because Defendants do not reimburse any providers for healthcare services. Rather, clients pay

4

for access to providers contracted with Defendants, but under the terms of agreements with Defendants, it is the clients themselves that adjudicate and pay the claims of providers such as Plaintiffs. Defendants offer further support of their position with their export report of Mr. Jon Wampler, who reviewed the business operations of Defendants and concluded that Defendants do not meet the definition of a third-party contractor. Defendants match claims to the relevant provider contracts and apply a discount to those claims, after which the claim is sent back to the client for adjudication and payment.

Plaintiffs counter that Defendants are in fact third-party contractors based on patient ID cards that direct that claims be sent directly to Defendants and Explanations of Benefits ("EOBs") identifying that Defendants processed the respective claims. Plaintiffs also point to a graphic on Defendants' website that states that "135 million medical bills" have been "processed for cost reduction" by Defendants. This evidence does not appear to address how Defendants actually operate. Rather, it highlights the language used in a few of Defendants' external communications. Multiplan also operates a product known as PHCS Savility, which Plaintiffs contends qualifies as a third-party contractor. Defendants' evidence showed that the clients of PHCS hired a clearinghouse company known as InstaMed that apparently processed the payments to the providers from the authorized bank accounts.

The Court finds that Defendants met their burden of demonstrating that there is no genuine issue of material fact as to whether Defendants are subject to the PPA as either health carriers or third-party contractors. Evidence offered by the Defendants to this effect was either undisputed by Plaintiff or not countered with substantial evidence.

## CONCLUSION

Wherefore, for the reasons stated herein, the Court hereby **GRANTS** Defendants' Partial Motion for Summary Judgment (Doc. 296), and claims brought by Plaintiff under the PPA are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Date:   August 10, 2020

                                        <u>*/s/ Douglas Harpool*          </u>
                                        Douglas Harpool
                                        United States District Judge