IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KRIS CRUTCHER, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:15-cv-03484-MDH |
| | ) | |
| MULTIPLAN, INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND JUDGMENT

Before the Court is Plaintiffs' Precise Requested Damages Award and Related Motion for Clarification. (Doc. 393). On August 4, 2020, this Court entered its Order (Doc. 388) on the parties' respective motions for summary judgment in this action (Docs. 294, 300, 370 and 379), wherein the Court granted in part Plaintiffs' motion for summary judgment as to their claim against Defendants for breach of contract under Missouri law, and granted in part Defendants' motion for summary judgment as to said claim. Specifically, the Court found that the applicable discount rate under the governing UP&UP Network Agreement ("the Network Agreement") had been legally modified from the 25% discount rate set forth in the contract's original written terms to a fee schedule-based discount method using the SSRIM fee schedule. Based on this finding, the Court concluded that MultiPlan did not breach the Network Agreement when it applied discounts to Plaintiffs' medical claims using the SSRIM fee schedule instead of the 25% discount rate.

The Court, however, found that the subsequent change to the discount methodology by MultiPlan when it implemented the SRAD90 fee schedule did not constitute a legal modification of the Network Agreement. Accordingly, the Court held that MultiPlan did breach the terms of the

Network Agreement when it applied discounts to Plaintiffs' claims using the SRAD90 fee schedule. (Doc. 388, 26-27). The Court further found that MultiPlan breached the terms of the Network Agreement by allowing downstream payors that did not have an active payor agreement with MultiPlan to access Plaintiffs' discount rate, as well as by making Plaintiffs' discount rate available to payors who sold or leased MultiPlan's list of providers to other payors or brokers in violation of the Network Agreement's anti-leasing provision. (Doc. 388, 29-30).

The main three points that Plaintiffs ask for clarification are: (1) whether Plaintiffs should recover the full amount of each discount applied by payors who did not have a payor agreement with MultiPlan; and (2) whether Plaintiffs should recover for the difference between the SRAD90 fee schedule and the contract rate, or whether Plaintiffs should recover for the difference between the SRAD90 fee schedule and the SSRIM fee schedule; and (3) whether Plaintiffs are entitled to recover the full amount of each SRAD90 discount MultiPlan applied after disenrollment, or whether Plaintiffs are to be reimbursed at the contract rate.

With respect to the damages Plaintiffs recover from discounts applied by payors who did not have a payor agreement with MultiPlan, Plaintiffs are awarded the difference between Tri-Lakes Diagnostic Imaging's ("TLDI") billed charges and the amount allowed as payable under the NetWork Agreement. The total claim charges were $36,025.00, and the total claim allowed charges were $8,452.38. The total damages award for these unauthorized payor discounts is therefore $27,572.62. *See* Defendants' Suggestions (Doc. 395) p. 9-10.

With respect to the damages Plaintiffs recover on the SRAD90 fee schedule claim, Plaintiffs are awarded the difference between the allowed amount under the SRAD90 fee schedule and the allowed amount under the SSRIM fee schedule. The total SSRIM fee schedule allowable is $17,744.83, and the total SRAD90 fee schedule allowable is $15,212.69. The total damages

award for the SRAD90 fee schedule modification breach of contract claim is therefore $2,532.14. *See* Defendants' Suggestions (Doc. 395) p. 10.

With respect to whether Plaintiffs recover for SRAD90 discounts applied after Plaintiffs' disenrollment, the Plaintiffs are awarded the entire amount of each of the discounts applied after September 8, 2015, as supported by the record. *See* Plaintiffs' Requested Damages (Doc. 393), p. 5. In the Court's previous Order (Doc. 388), the Court found that Plaintiffs sent a letter to MultiPlan dated August 13, 2015 that included a demand that MultiPlan cease applying future discounts to Plaintiffs' claims, and that in response to the letter, MultiPlan sent a letter to Plaintiffs dated September 14, 2015 wherein it "stated it would remove TLDI from its PPO network and cease applying discounts to invoices from payors, effective September 8[,]" 2015. *Id*. at 7. The Court further found that despite these representations, "payors continued to apply in-network PPO discounts to its EOBs for more than eight months after Multiplan's letter." *Id*. at 21.

Defendants argue that the Court's finding should not apply to Plaintiffs' award for breach of contract damages, because the Court's finding was made in the context of deciding Plaintiffs' fraud claim. (Doc. 395, 5). Defendants further argue that Plaintiffs did not raise the application of discounts after the September 8, 2015 disenrollment date as a basis for their breach of contract claim. *Id*. The Court is not convinced by Defendants' distinction between the fraud and breach of contract claims, and the Court's previous findings relating to the disenrollment applies to Plaintiffs' damages award.

With respect to the discounts applied by payors after disenrollment starting September 8, 2015, Plaintiffs are awarded $10,890.22. The Court studied the record in order to identify a way to calculate the appropriate award here. In Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (Doc. 315), Plaintiff lists several examples of discounts being

applied after the disenrollment. (Doc. 315, xix-xxii). Of those listings, many showed that the "source of discount identified" was specifically Multiplan. The sum of those discounts applied on those listings that explicitly identify Multiplan as the source of the discount is $10,890.22.

Lastly, Plaintiff is awarded interest from the date of filing the Complaint, which was filed on November 6, 2015. The prejudgment interest is nine percent (9%) simple interest to the total combined damages awarded above for the period beginning November 6, 2015. Mo. Rev. Stat. § 408.020. Interest calculated on the above awarded sums ($40,994.98) is $18,447.74.

## CONCLUSION

For the reasons set forth in this Order, the Plaintiff is awarded (1) $27,572.62 for Plaintiff's breach of contract claim relating to discounts that were accessed by payors without a direct, active payor agreement, in violation of the NetWork Agreement ; (2) $2,532.14 for Plaintiff's breach of contract claim relating to the SRAD90 fee schedule modification; (3) $10,890.22 for discounts applied by Multiplan after the disenrollment date; and (4) $18,447.74 in interest. The total award of damages is **$59,442.72.**

**IT IS SO ORDERED.**

Dated: November 9, 2020      */s/ Douglas Harpool*
                             **DOUGLAS HARPOOL**
                             **United States District Judge**